Aultman & Co. v. Weber.

---

## C. AULTMAN & Co.
### v.
## OTTO WEBER.

*Sales—Warranty — Breach — Action on Note — Evidence — Damages— Instructions.*

1.   In an action brought by the payee on a note given in payment for a machine, where a warranty that the machine would do as good work as any in the market, and its breach, have been established, the defendant may introduce evidence to show the difference between the value of the machine at the time of such breach, and what it would have been worth had the warranty been true, and have such sum deducted from the amount of the note.

2.   Where there is an express warranty, the question of an implied warranty does not arise.

3.   Where the defendant relies on an express warranty and states language used by the plaintiff sufficient to create such warranty, his evidence is not met by a simple denial of the warranty.

4. It is sufficient if a series of instructions properly presents the law of the case, though one of the series, if disconnected, might be in itself objectionable.

5. In the case presented the evidence supports the verdict for the defendant, and there was no error in the admission of evidence.

[Opinion filed December 8, 1888.]

IN ERROR to the Circuit Court of Putnam County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. WILLIAM H. CASSON and EDWARDS & EVANS, for plaintiff in error.

Messrs. FRANK WHITING and BARNES & BARNES, for appellee.

UPTON, J. This suit was brought on a note given by defendant Weber to the plaintiff, for a low-down Buckeye binder.

It was commenced before a justice of the peace, and judgment was rendered for the plaintiff; defendant took an appeal to the Circuit Court of Putnam County, where a trial was had and judgment was obtained in favor of defendant, to reverse which the case is brought to this court.

The machine was sold to the defendant by an agent of the plaintiff, David Moore, in the summer of 1883, for the sum of $230, for which defendant gave his note to the plaintiff, due some time thereafter. The defendant had paid and caused to be indorsed upon said note $18.40, September, 1884, and $125 on the 5th day of May, 1885, and before this suit was commenced.

It is claimed by the defendant that the agent, Moore, at the time of the sale of the machine to the defendant, warranted it "to do good work," "as good as any other machine in the market;" that it was not as warranted, and that the damages thereby occasioned to defendant should be deducted from the amount due on said note.

The plaintiff denies the warranty and the resulting damages, as claimed.

The errors complained of are:

1st.    That in the trial in the Circuit Court improper evidence was admitted on the part of the defendant.

2d.    That the court erred in giving defendant's fourth instruction to the jury.

3d.    That the verdict is against the weight of the evidence.

*First.*    If a warranty and its breach were established by the evidence, and the jury so found by their verdict, the defendant had the right, on the question of damages, to show by the evidence, and the jury therefrom find, the difference in the value of the machine at the time the warranty was broken, and what the machine would have been worth had the warranty been true, and have that sum deducted from the amount due upon the note.

Defendant had the right to keep the machine and rely upon the warranty, and in so doing he could not, on showing a breach of the warranty, be compelled to pay for the machine more than it was worth in its then imperfect state or condition, if the warranty and the breach were proven.    Tending to establish such facts on the trial, defendant was asked, as a witness: "Was that machine worth more or less, as it was, than it would have been if it had been as represented?"    The witness answered, "Less."

Chris. Hartman, a witness called by the defendant, was asked, "What was that machine worth?"    He answered: "The way it worked then, in 1884, it was not worth anything."

This witness further testified: "Other machines were working there in the same rye.    The Plano was there.    It was one of the machines then in the market.    The Plano, after it started fairly, cut it down without trouble; the other (machine in question) had more trouble in getting it down."    To which questions objections were made, overruled and exception taken, and plaintiff moved the court to strike out the answers of the said witnesses to the questions stated, which was refused and exceptions were taken.    This, in substance, constitutes the alleged improper evidence of which complaint is made in the first assignment of errors.    We do not perceive any substantial error in the ruling of the court below upon that point.

It is claimed, however, that the trial court erred in allow-
ing a comparison by the machine in question with the Plano
machine, for the reason that the warranty only applied to the
machine then (in 1883) in use, and that the Plano machine
was not then in the market in use.

It is a sufficient answer to this to say that there is no evi-
dence in this record to show that the Plano machine was not
in the market or in use in 1883, and there is some evidence
tending to show that it was then in the market.

We are unable to see how the plaintiff could be prejudiced
by the admission of the testimony complained of; certainly it
was pertinent to the issue, nor do we think the evidence was
a substantial invasion of the province of the jury on the ques-
tions involved.

*Second.* Did the court err in giving the fourth instruction
to the jury for the defendant, viz.:

"A person who buys, without any special warranty, a ma-
chine from the manufacturer, who makes and sells it for a particu-
lar use, may keep the machine, even if it is not reasonably
suited to the uses for which it was manufactured and sold, and
for which he purchased it. There is an implied warranty in
such case that the machine is reasonably suited for the purpose
sold. In such case he can keep the machine, and when sued
for the price of it, set up and have his damages allowed; and
in such case his damages would be the difference in the
value of the machine when the implied warranty is broken,
from what the value would have been had the machine been
reasonably suited to perform the work for which it was con-
structed and sold; but if there was an express warranty, relied
upon by defendant, then he can not recover upon the implied
warranty, but must recover, if at all, upon the express war-
ranty."

The subject of implied warranties on sale of chattels has
perplexed the common law courts for many years and has
been the source of many apparently conflicting decisions.
We are not called upon to examine the cases determined upon
that question in the case at bar, for the reason that we think
the jury must have found from the evidence, as they were

certainly warranted in finding, that there was an express warranty of the machine in question; and the rule of damages is not variant in cases of express from that of implied warranties.

The defendant's evidence was that the agent of plaintiff and himself were in the field where the machine was being used. The agent said to him: "This will be a good machine for you to buy; we have no particular price fixed upon the machine yet, because we have not sold any. It is just a trial machine, and we will sell you this machine at the next year's terms." "This machine is not a perfect machine, but we will give you a perfect machine. We will make it a perfect machine. The machine will do as good work as any other machine in the market." The defendant replied that he would buy the machine on those conditions, and did so purchase it.

The agent, Moore, was called as a witness by the plaintiff to rebut this. He denies any warranty—using the word warranty—but he does not deny using the language quoted above. There is no substantial conflict in the evidence as to the language used at the time of sale. The defendant, in his evidence, gives it. The agent does not, but professes to state the legal effect of what was said. That the language used under the circumstances in evidence, relied and acted upon by the defendant, as he testifies and as appears by the subsequent facts in the case, constitute an express warranty, will not be disputed.

That all the parties in interest understood that there was an express warranty of the machine in question that it should do good work, or be made to, their subsequent conduct affirms. That the machine did not do good work is clearly established.

We deem it useless to discuss this point further; conceding that the instruction complained of, disconnected from the series given, might be objectionable, that alone will not be cause for reversal. It is sufficient if a series of instructions properly presents the law of the case—as we think is done in this case—though one of the series, when disconnected, might be in itself objectionable.

*Third.* Is the verdict against the weight of the evidence? We do not so think.

We are satisfied that the jury were justified from the evidence in finding a special warranty on the sale of the machine; indeed, we do not well see how they could have found otherwise. There can be no question as to the breach of the warranty. No one pretends that the machine ever did good work. It was sold with warranty for $230. The evidence, undisputed, was that, at most, $125 was its full value. The defendant had paid and plaintiff had indorsed upon the note $143.40. Upon the evidence in this record the plaintiff was more than paid, and the jury did right in returning their verdict for the defendant.

We find no substantial error in the record, and the judgment below must be affirmed.

*Judgment affirmed.*